# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>AMBER R. CROWDER,<br>    also known as "AMBER HINES,"<br><br>and<br><br>SHAUNA MARIE BRUMFIELD,<br>    also known as "MARIE MATTHEWS,"<br>    also known as "SHAUNA SNELL,"<br><br>Defendants. | Criminal No. 17-186 (JDB) |

## MEMORANDUM OPINION

Defendants Amber Crowder and Shauna Brumfield are awaiting trial on charges related to an alleged scheme to defraud the District of Columbia Public Schools ("DCPS"). Currently before the Court are three pretrial discovery motions: [70] the government's renewed motion to require reciprocal discovery; [71] the government's renewed motion to require pretrial notice and discovery of any advice-of-counsel defense; and [72] Brumfield's motion for reconsideration of the Court's previous order compelling defendants to provide reciprocal discovery by not later than June 25, 2018. Upon consideration of the three motions and the parties' memoranda, the applicable law, and the entire record herein, and for the reasons set forth below, the Court will deny the government's motion for reciprocal discovery without prejudice, grant the government's motion for pretrial notice and discovery subject to certain clarifications, and deny as moot Brumfield's motion for reconsideration. The Court will separately issue a Scheduling Order setting forth additional details and discovery deadlines.

1

## BACKGROUND

On October 15, 2017, Brumfield requested from the government all documents and statements to which she is entitled under Federal Rule of Criminal Procedure 16(a), which requires the government to provide, upon request, pretrial disclosure of certain information, statements, documents, reports, and expert testimony relevant to the government's case. See Ex. A to Gov't's Resp. to the Court's Minute Order ("Brumfield's Rule 16(a) Request") [ECF No. 78-1]. One category of requested material includes "books, papers, documents" and other items if they are "material to the preparation of Ms. Brumfield's defense," "are intended for use by the Government as evidence in its case-in-chief at trial," or "were obtained from or belong to Ms. Brumfield." Id. at 3 (citing Fed. R. Crim. P. 16(a)(1)(E)). Crowder did not file a discovery request. In response to Brumfield's request, the government produced to both defendants, among other things, "all . . . grand jury transcripts, all interview reports, DCPS records (including emails), information obtained from a search warrant . . . , [and] bank records." Gov't's Resp. to the Court's Min. Order ("Gov't's Resp. to Sept. 10, 2018 Order") [ECF No. 78] at 2.

As part of each of its productions to defendants, the government requested reciprocal discovery under Federal Rule of Criminal Procedure 16(b)(1)(A), which states:

> If a defendant requests disclosure under Rule 16(a)(1)(E) and the government complies, then the defendant must permit the government, upon request, to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items if:
>
>> (i) the item is within the defendant's possession, custody, or control; and
>>
>> (ii) the defendant intends to use the item in the defendant's case-in-chief at trial.

After neither Crowder nor Brumfield responded to the government's requests, the government moved for an order compelling both defendants to provide reciprocal discovery.[1] The government argued that its production to defendants entitled it, under Rule 16(b)(1)(A), to disclosure of the specific material defendants intend to use to support their "case-in-chief" at trial. See Gov't's Mot. for Reciprocal Disc. at 1. The term "case-in-chief," the government added, should be read to include substantive, non-impeachment, evidence the defense intends to use during cross-examination of government witnesses. Id. at 2–3.

Defendants separately opposed.[2] Brumfield argued that the motion to compel was "unnecessary" because "[t]he Defense is aware of its discovery obligations" under Rule 16(b)(1)(A). Brumfield's Opp'n to Reciprocal Disc. at 1. Crowder's opposition argued that the motion for reciprocal discovery was premature and added that "the government does not indicate when it was that it provided discovery in response to a request made by Crowder." Crowder's Opp'n to Reciprocal Disc. at 1 (emphasis added). Neither opposition asserted that the government failed to comply with Brumfield's initial request for discovery under Rule 16(a)(1)(E) or took a position on the scope of evidence subject to Rule 16(b)(1)(A) disclosure.

At an April 2018 motions hearing, the Court indicated that it was inclined to require compliance with reciprocal discovery obligations at some point in June, to which no party offered any response or objection. See Mot. Hr'g Tr. [ECF No. 54] at 57:3–19. The Court subsequently ordered defendants to comply with their reciprocal discovery responsibilities under Rule 16(b) by no later than June 25, 2018. See May 17, 2018 Order [ECF No. 56]. After neither defendant

---

[1] See Gov't's Mot. for Order Compelling Reciprocal Disc. ("Gov't's Mot. for Reciprocal Discovery") [ECF No. 36].
[2] See Def.'s Opp'n to Gov't's Mot. for Reciprocal Disc. ("Brumfield's Opp'n to Reciprocal Disc.") [ECF No. 38]; Def. Crowder's Mem. of P. & A. in Opp'n to Gov't's Mot. to Compel Disc. ("Crowder's Opp'n to Reciprocal Disc.") [ECF No. 45].

produced documents to the government by the June deadline, the government filed the renewed motion for reciprocal discovery currently before the Court.[3] Brumfield responded by moving for reconsideration of the Court's previous order to compel reciprocal discovery, which doubled as an opposition to the government's renewed motion to compel.[4] Crowder filed no new written opposition.

To aid in considering the renewed reciprocal discovery motions, the Court ordered the parties to file any discovery requests relevant to those motions and asked the government to clarify whether it has completed production in response to any Rule 16(a) requests. See Sept. 10, 2018 Order [ECF No. 75]. In response, the government filed Brumfield's original Rule 16(a) request for pretrial discovery and averred that—except for "a criminal history check for all its witnesses" which it intends to disclose closer to trial—the government has "complied with all of the requests." Gov't's Resp. to Sept. 10, 2018 Order at 2. For her part, Brumfield responded with a list of discovery requests, including: "[a]ny and all exhibits the government intends to use in its case-in-chief at trial"; the "names of every witness" the government plans to call; the "content of the witness's testimony"; "exhibits the government intends to introduce through each witness"; and "[a]ny and all jury instructions the government intends to proffer." Def. Shauna Brumfield's Resp. to the Court's Min. Order ("Brumfield's Resp. to Sept. 10, 2018 Order") [ECF No. 83].[5]

At approximately the same time as the government's original motion for reciprocal discovery, the government separately moved to require defendants to provide notice and discovery

---

[3] See Gov't's Renewed Mot. for Order Compelling Reciprocal Disc. ("Gov't's Renewed Mot. for Reciprocal Disc.") [ECF No. 70].

[4] See Mot. to Reconsider This Court's Order Requiring Reciprocal Disc. at This Time and Resp. to Gov't's Renewed Mot. for Order Compelling Reciprocal Disc. ("Brumfield's Mot. to Reconsider") [ECF. No. 72].

[5] Crowder also responded, but only to say that the Court's order did not apply to her because she did not file the instant motion opposing the request for reciprocal discovery and for reconsideration of the Court's previous order. See Def. Amber Crowder's Resp. to the Court's Min. Order of Sept. 10, 2018 [ECF No. 81].

if they intend to assert an "advice-of-counsel" defense at trial.[6] The government argued that advance notice would allow them a chance to discover and review otherwise-privileged materials related to that defense, thereby avoiding an unnecessary delay during trial. See Gov't's Mot. for Notice & Disc. at 2–3. Crowder opposed on behalf of the defense, arguing that the Federal Rules of Criminal Procedure do not require defendants to provide notice of an advice-of-counsel defense and that the motion was in any event premature.[7]

The Court denied the government's motion without prejudice to reconsideration closer to trial, see May 17, 2018 Order [ECF No. 55], and ordered any renewed motion and opposition by no later than August 8 and August 15, respectively, see Scheduling Order [ECF. No. 69]. The government timely filed a renewed motion seeking notice and discovery of an advice-of-counsel defense,[8] which defendants have not opposed.

The time for further memoranda in opposition or reply in connection with the three pending motions has expired. See LCrR. 47(a)–(d). All three motions are thus ripe for resolution.

## ANALYSIS

### I. RECIPROCAL DISCOVERY

The government's renewed motion for reciprocal discovery advances the same rationale as its first—that the provision of several discovery productions to Brumfield counts as compliance with any initial request for discovery under Rule 16(a)(1)(E) and entitles the government to inspect any material Brumfield intends to use in her "case-in-chief," including both documents already

---

[6] See Gov't's Mot. for Order Requiring Notice & Disc. Relating to Advice of Counsel Def. ("Gov't's Mot. for Notice & Disc.") [ECF No. 34].

[7] See Def. Crowder's Mem. of P. & A. in Opp'n to the Gov't's Mot. for a Court Order Requiring That She Provide It Advance Notice of Her Defs. [ECF No. 44].

[8] See Gov't's Renewed Mot. for Order Requiring Pretrial Notice and Disc. Related to Advice of Counsel Def. ("Gov't's Renewed Mot. for Notice and Disc.") [ECF No. 71].

5

provided by the government and evidence Brumfield will introduce through cross-examination of government witnesses. See Gov't's Renewed Mot. for Reciprocal Disc. at 2–3.[9]

Brumfield's combined opposition and motion to reconsider, by contrast, advances two arguments not previously raised. First, she argues that the government has failed to comply fully with her Rule 16(a)(1)(E)(ii) request for disclosure of the specific evidence on which the prosecution intends to rely in its "case-in-chief," and that absent such disclosure she has no practical ability or reciprocal obligation to identify and disclose the evidence she intends to rely on in her "case-in-chief." See Brumfield's Mot. to Reconsider at 3–4 (stating that if the government discloses, among other things, "what exhibits [it] intends to introduce" then "the defense will delineate for the government the documents it intends to use in its case-in-chief"); see also Brumfield's Resp. to Sept. 10, 2018 Order (formalizing discovery request for evidence "the government intends to use in its 'case-in-chief' at trial"). Second, Brumfield argues that—even assuming her reciprocal discovery obligation is triggered—she should not be required to disclose evidence she intends to introduce during cross-examination of government witnesses, because the term "case-in-chief" only covers evidence the defense introduces after the government rests. See Brumfield's Mot. to Reconsider at 4–5. The government has offered neither a response nor a reply

---

[9] The government's renewed reciprocal discovery motion in fact refers to "defendants" and does not distinguish between Brumfield and Crowder. See Gov't's Renewed Mot. for Reciprocal Disc. at 1. But as Crowder argued in her original opposition to the government's motion for reciprocal discovery, see Crowder's Opp'n to Reciprocal Disc. at 1, and the government's response to the Court's order to file all relevant discovery requests reveals, only Brumfield, not Crowder, requested discovery under Rule 16(a), see Gov't's Resp. to Sept. 10, 2018 Order at 2 & Ex. A. The government has apparently provided discovery responses to both defendants. See Gov't's Renewed Mot. for Reciprocal Disc. at 1. Nonetheless, because Crowder declined to invoke Rule 16(a), her reciprocal discovery obligation under Rule 16(b) remains untriggered. See United States v. Marenghi, 893 F. Supp. 85, 98 (D. Me. 1995) ("Part of a defendant's strategy in the preparation of a criminal defense is consideration of whether to seek discovery under Rule 16(a) in light of the reciprocal obligation under Rule 16(b) that will be triggered by the Government's compliance with such a request."). Hence, to the extent the government seeks an order to compel reciprocal discovery from Crowder, that request is denied, and the Court's opinion and order will address the issue of reciprocal discovery only as to Brumfield. The Court is prepared to reconsider this issue, however, should the government show that Crowder did in fact request pretrial discovery under Rule 16(a)(1)(E) prior to the government's discovery response.

to Brumfield's motion and opposition memorandum. The Court will address each of Brumfield's arguments in turn.

The text of Rule 16(b)(1)(A) is clear that a defendant's obligation to disclose evidence she intends to use in her case-in-chief is triggered only if the government first "complies" with the defendant's request under Rule 16(a)(1)(E) for certain evidence within the government control—including items "the government intends to use . . . in its case-in-chief at trial" and, more broadly, items "material to preparing the defense." Fed. R. Crim. P. 16(a)(1)(E)(i)–(ii). But the text is less clear as to how specific the government's disclosure must be to "compl[y]" with a defendant's Rule 16(a)(1)(E) request. Here, Brumfield expressly requested disclosure of evidence the government "intends to use in its case-in-chief at trial." Brumfield's Resp. to Sept. 10, 2018 Order. In response, the government has produced a large set of documents that, while likely to <u>contain</u> potential case-in-chief evidence, does not <u>identify specifically</u> which evidence or exhibits the government intends to introduce at trial. Such broad discovery, according to Brumfield, is not specific enough to comply with her request and thus does not trigger her obligation under Rule 16(b)(1)(A) to identify and disclose the items she intends to use in her case-in-chief. <u>See</u> Brumfield's Mot. to Reconsider at 1–2. If the government expects her to identify the items she intends to introduce, she argues, it must first provide her the same, with the same level of specificity. <u>See</u> <u>id.</u> at 3–4.

The Court agrees. The defendant's reciprocal discovery obligation should be read to "parallel[]" the government's initial obligation under Rule 16(a)(1)(E). <u>United States v. Anderson</u>, 416 F. Supp. 2d 110, 115 (D.D.C. 2006). Accordingly, as courts in this district have explained, the government does not trigger defendant's reciprocal obligation to disclose its "case-in-chief" materials under Rule 16 simply by providing some amount of relevant discovery to defendants and

7

then "stating that the documents upon which [the government] intends to rely are found somewhere therein." Anderson, 416 F. Supp. 2d at 115 (citation omitted); see United States v. O'Keefe, No. 6-249, 2007 WL 1239207, at *2 (D.D.C. Apr. 27, 2007) ("Under [Rule 16], the government must identify specifically which items it intends to use in its case-in-chief at trial. It may not . . . identify a large number of documents that it may or may not seek to introduce at trial." (emphasis added and citations omitted)). Instead, Brumfield will be obligated to identify documents and other materials she intends to rely on in her case-in-chief only after the government first identifies and produces the same material, with the same specificity, to her. See Anderson, 416 F. Supp. 2d at 115. This "reciprocity of obligations between the defendant and the government clearly is consistent with the intent of the Rules Advisory Committee," which specifically amended Rule 16(b) obligations to add "case-in-chief" language that "'track[s] the similar language in revised Rule 16(a)(1).'" Id. (quoting Fed. R. Crim. P. 16 advisory committee's note to 2002 amendment).

Because the government has not yet specifically identified the exhibits, documents, and other evidence it intends to use in its "case-in-chief" at trial, it has not satisfied Brumfield's request under Rule 16(a)(1)(E). Brumfield's reciprocal discovery obligation under Rule 16(b)(1)(A) therefore remains untriggered.

The Court next considers the parties' separate dispute over the scope of the term "case-in-chief" as it is used in Rule 16(b)(1)(A). The government's position is that Brumfield's "case-in-chief" includes any substantive evidence she intends to introduce for non-impeachment purposes, whether or not such evidence is offered during cross-examination. See Gov't's Renewed Mot. for Reciprocal Disc. at 3. Brumfield disagrees, arguing that "case-in-chief" must be understood as referring exclusively to any evidence introduced after the government rests, which necessarily

excludes any defense exhibits introduced during cross-examination of government witnesses. Brumfield's Mot. to Reconsider at 4–5.

Brumfield's interpretation is unpersuasive. If "case-in-chief" exclusively covered materials introduced after the government rests, then whenever defendants present substantive, non-impeachment, evidence during cross-examination to prove their case—a "standard modern trial practice" that can hardly be abandoned, United States v. Holden, No. 13-cr-444, 2015 WL 1514569, at *3 (D. Or. Mar. 19, 2015)—such evidence would not be subject to Rule 16(b) pretrial disclosure. But to permit defendants to evade pretrial disclosure simply by presenting much (or all) of their case-in-chief before the government rests would frustrate the practical intentions behind Rule 16: to avoid unfair surprise and unwarranted delay by providing both the government and the defense with a broad, reciprocal, right to discovery. See generally Fed. R. Crim. P. 16 advisory committee's note to 1974 amendment.

Nearly every court to consider the issue has concluded the same. See, e.g., United States v. Hsia, No. 98-57, 2000 WL 195067, at *2 (D.D.C. Jan. 21, 2000) ("[E]vidence [introduced] through cross-examination that the Court finds is part of [defendant's] case-in-chief" is subject to Rule 16(b) disclosure); United States v. Napout, No. 15-252, 2017 WL 6375729, at *7 (E.D.N.Y. Dec. 12, 2017) ("Rule 16 requires Defendants to identify all non-impeachment exhibits they intend to use in their defense at trial, whether [or not] the exhibits will be introduced through a government witness."); United States v. Aiyaswamy, No. 15-568, 2017 WL 1365228, at *5 (N.D. Cal. Apr. 14, 2017) ("Defendant must disclose and produce substantive, non-impeachment evidence under Rule 16(b), whether . . . [to be] introduce[d] during cross-examination or after the Government rests."); Holden, 2015 WL 1514569, at *2 (same); United States v. Larkin, No. 12-319, 2015 WL 4415506, at *5 (D. Nev. July 20, 2015) (same); United States v. Swenson, 298

9

F.R.D. 474, 476 (D. Idaho 2014) (same). Accordingly, the Court finds that the phrase "case-in-chief" in Rule 16(b)(1)(A) refers to any substantive evidence Brumfield affirmatively intends to introduce to prove her theory of the case or defenses, as opposed to for the purpose of impeachment only, regardless of when during the trial such evidence will be offered.[10]

Based on the foregoing, the Court will deny the government's motion requiring reciprocal discovery without prejudice. To trigger Brumfield's reciprocal discovery obligations under Rule 16(b)(1)(A), the Court will require the government first to identify and produce to Brumfield, pursuant to her request under Rule 16(a)(1)(E), <u>specifically</u> what exhibits, documents, or other evidence it intends to use at trial in its "case-in-chief" by not later than October 22, 2018.[11] Upon the government's satisfaction of that request consistent with the order accompanying this opinion, Brumfield will in turn be required to respond in kind by disclosing the same set of materials: all exhibits, documents, or other evidence she intends to rely on as part of her "case-in-chief" as defined herein (including documents provided to defendant by the government) by not later than

---

[10] Brumfield cites one case to support her argument that "case-in-chief" is strictly related to the timing, rather than the purpose, of a defendant's intended evidence. See United States v. Harry, No. 10-cr-1915, 2014 WL 6065705, at *7, *10 (D.N.M. Oct. 14, 2014). But the Harry court acknowledged that if a defendant's "cross-examination is <u>really</u> a direct examination" then "the defendant's case-in-chief should include that direct examination" for purposes of Rule 16(b) disclosure. <u>Id.</u> at *10 (emphasis added). And to determine whether cross-examination is "really" a direct examination plainly depends on purpose, not sequence. Harry thus relies on "the same reasoning that underpin[s]" decisions finding that Rule 16(b)(1)(A) requires disclosure of substantive evidence regardless of when introduced. Napout, 2017 WL 6375729, at *7; see also Holden, 2015 WL 1514569, at *3 ("[T]he Harry court's acknowledgment that some evidence a defendant intends to use in examination of government witnesses may be evidence the defendant intends to use in his 'case-in-chief' undermines the court's bright-line temporal interpretation of 'case-in-chief.'").

[11] Brumfield additionally requests pretrial disclosure of "every witness the [government] intends to call" and "[t]he content of the witnesses's testimony." Brumfield's Resp. to Sept. 10, 2018 Order. Rule 16 does not require pretrial disclosure of government witnesses. See United States v. Bouye, 688 F.2d 471, 474 (7th Cir. 1982) (observing that proposals to amend Rule 16 to require pretrial disclosure of witnesses have been rejected). Nor does the rule require pretrial disclosure of statements made to the government or the defense by prospective witnesses, except as provided in 18 U.S.C. § 3500. See Fed. R. Crim. P. 16(a)(2), (b)(2). The Court therefore will deny those requests, except to the extent that they request disclosure of summaries of <u>expert</u> witness testimony within the confines of Rule 16. See Fed. R. Crim. P. 16(a)(1)(G), (b)(1)(C). Finally, Brumfield's request for pretrial disclosure of "any and all jury instructions the government intends to proffer," Brumfield's Resp. to Sept. 10, 2018 Order, will be denied, as Rule 16 does not require (or contemplate) disclosure of proposed jury instructions. That will be addressed further by the Court during pretrial proceedings.

November 12, 2018. Because this will constitute a new scheduling order, Brumfield's motion to reconsider the Court's May 17, 2018 Order will be denied as moot.

## II. ADVICE-OF-COUNSEL

The government's renewed motion seeking notice and discovery of any advice-of-counsel defense repeats the argument in its original motion: pretrial notice and discovery of any advice-of-counsel defense would avoid unnecessary delay during trial and give the government a chance to review documents that would otherwise remain privileged. See Gov't's Renewed Mot. for Notice & Disc. at 2–3. Defendants filed no new written opposition.

As an initial matter, "[t]here is no question that the attorney-client privilege is waived when a client asserts reliance on the advice of counsel as an affirmative defense, because the client has then made a conscious decision to inject as an issue in the litigation the advice of counsel." Intex Recreation Corp. v. Metalast, S.A., No. 1-1213, 2005 WL 5099032, at *3 (D.D.C. Mar. 2, 2005); United States v. White, 887 F.2d 267, 270 (D.C. Cir. 1989) ("Reliance on advice-of-counsel is an affirmative defense" that "waive[s] the [attorney-client] privilege"). Accordingly, should defendants decide to raise an advice-of-counsel defense at trial, any communications or evidence defendants intend to use to establish the defense are subject to disclosure. Moreover, even otherwise-privileged communications that defendants do not intend to use at trial, but that are relevant to proving or undermining the advice-of-counsel defense, are subject to disclosure "in their entirety." United States v. Naegele, 468 F. Supp. 2d 165, 174 n.8 (D.D.C. 2007); see also United States v. Hatfield, No. 6-550, 2010 WL 183522, at *13 (E.D.N.Y. Jan. 8, 2010) (holding that if defendants "intend to rely on an advice of counsel defense" they must "disclose all documents concerning the[] . . . defense" including "not only those documents which support [their] defense, but also all documents (including attorney-client and attorney work product documents) that might impeach or undermine such a defense" (emphasis added)); cf. In re Kellogg

11

Brown & Root, Inc., 796 F.3d 137, 145 (D.C. Cir. 2015) ("[T]he attorney-client privilege cannot at once be used as a shield and a sword" by allowing parties to "disclos[e] as much [privileged material] as [they] please[]" and then to "withhold the remainder." (citations omitted)).

The only question, then, is whether defendants may raise the defense for the first time at trial or whether they must instead notify the government at some point before trial to allow for a period of discovery and preparation. Although the Federal Rules of Criminal Procedure do not specifically require defendants to provide pretrial notice of an advice-of-counsel defense, courts have broad discretion to impose disclosure and notice requirements outside the rules. See United States v. Armstrong, 517 U.S. 456, 474 (1996) ("[Rule 16] is intended to prescribe the minimum amount of discovery . . . [not] to limit the judge's discretion to order broader discovery." (citation omitted)); United States v. Mubayyid, No. 5-40026, 2007 WL 1826067, at *2 (D. Mass. June 22, 2007) (finding that courts have broad inherent authority to order notice and discovery of any advice-of-counsel defense outside Rule 16). However, courts have not uniformly exercised that discretion to impose a pretrial notice and discovery requirement regarding an advice-of-counsel defense. Compare Memory Bowl v. N. Pointe Ins. Co., 280 F.R.D. 181, 186 (D.N.J. 2012) (requiring defendant "to advise whether or not it intends to rely on an 'advice-of-counsel' defense" before trial to avoid "unnecessary delay or expense"), with United States v. Meredith, No. 12-143, 2014 WL 897373, at *2 (W.D. Ky. Mar. 6, 2014) (declining to impose pretrial notice and discovery of advice-of-counsel defense because it "would require the defendant to reveal his trial strategy pretrial").

The Court finds the rationale for requiring such pretrial notice and disclosure persuasive. Defendants' "decision on [whether to assert the advice-of-counsel defense] may impact the scope of discovery otherwise permitted" or ordered, and thus risks unnecessary interruption and delay if

12

asserted at trial.  Memory Bowl, 280 F.R.D. at 186.  Moreover, because an advice-of-counsel defense is complex it may raise issues requiring additional briefing before trial.  See United States v. Impastato, 535 F. Supp. 2d 732, 740 (E.D. La. 2008).

Hence, the Court will in its discretion grant the government's motion for pretrial notice and discovery of an advice-of-counsel defense, with the following additional clarification and condition:  If asserted, defendants must identify and disclose to the government all materials relevant to the assertion of the defense, whether supportive of defendants' case or not.  See Hatfield, 2010 WL 183522, at *13.  The Court will require that such notice and discovery be provided not later than two weeks before trial is scheduled to begin—that is, not later than November 12, 2018.  Failure to provide notice and appropriate discovery may preclude reliance on an advice-of-counsel defense.

## CONCLUSION

For the foregoing reasons, the Court will deny the government's renewed motion for reciprocal discovery without prejudice, grant the government's renewed motion for notice and discovery of any advice-of-counsel defense, deny as moot defendant Brumfield's motion for reconsideration of the Court's prior order compelling reciprocal discovery, and issue a scheduling order setting forth additional details and discovery deadlines.  A separate order will issue on this date.

/s/
JOHN D. BATES
United States District Judge

Dated:  September 24, 2018